## COLLIER et al. v. HIGHTOWER OIL & REFINING CORPORATION.

### No. 2755.

Court of Civil Appeals of Texas. Eastland.

Dec. 9, 1949.

Rehearing Denied Jan. 6, 1950.

Frost & Frost, Eastland, for appellants.
Levie Old, Brownwood, for appellee.

LONG, Justice.

The parties will be designated as in the trial court. On the 25th day of September, 1947, plaintiff and defendants entered into a written contract whereby plaintiff agreed to drill an oil and gas well for the defendants in Coleman County. Under the terms of the contract plaintiff agreed to furnish all tools, equipment, labor and casing except the oil string and any pipe which might be required by defendants or the Railroad Commission to be cemented permanently in the well. Plaintiff instituted this suit to recover from defendants for the following amounts alleged to be due under said drilling contract:

(1)  63 feet of 10 inch pipe at $5.00
         per foot          .        $315.00
(2)  15 sacks of cement               15.00
(3)  trucking cement                  15.00
(4)  paid Halliburton for cement-
         ing pipes                   120.00
                                  ----------
         Total                      $465.00

Upon a trial before the court without a jury, judgment was rendered in favor of plaintiff against defendants for the sum of $465 from which judgment defendants have appealed.

Plaintiff drilled the well to the required depth and defendant paid the consideration therefor. This suit is to recover the cost of permanently cementing casing in the well. The contract provided that defendants were to pay extra for such casing in the event that it was required by the defendants or the Railroad Commission to be cemented permanently in the well. Plaintiff alleged that the casing was cemented in the well at the request of the defendants. There is no proof in the rec-ord to sustain this allegation. On the contrary, the only evidence offered on that issue is that defendants did not instruct plaintiff to cement the casing in the well. There is no competent evidence in the record that the casing was cemented in the well under an order of the Railroad Commission. If there had been such testimony in the record, there was no pleading to sustain the judgment upon this theory. The only allegation in the plaintiff's petition is that the pipe was cemented in the well under the instructions received by plaintiff from the defendants.

The judgment of the trial court not being based upon any pleading or competent evidence cannot stand and it, therefore, becomes our duty to reverse the judgment and remand the cause to the trial court.

The judgment is reversed and remanded.